STATE, Respondent, *v.* WILLIAMS, Appellant.

(No. 3,863.)

(Submitted May 3, 1916.  Decided May 13, 1916.)

[157 Pac. 957.]

*Gaming—Possession of Implements—Faro—Evidence — Sufficiency.*

1.  Evidence showing that defendant had in his possession or control a faro lay-out contrary to section 8417, Revised Codes, *held* sufficient to warrant conviction, proof that he also had a dealer's box—without which the game of faro cannot be played—not being necessary to complete the offense.

[As to rebuttal presumptions as evidence, see note in **Ann. Cas.** 1913E, 977.]

*Appeal from District Court, Silver Bow County; Michael Donlan, Judge.*

C. A. WILLIAMS was convicted of a violation of the gaming law, and appeals from the judgment of conviction.  Affirmed.

Cause submitted on briefs of Counsel.

*Mr. George D. Toole,* for Appellant.

*Mr. J. B. Poindexter,* Attorney General, and *Mr. Wm. H. Poorman,* Assistant Attorney General, for Respondent.

MR. JUSTICE SANNER delivered the opinion of the court.

The appellant was accused, tried and convicted of a violation of section 8417, Revised Codes, the charge being that at the time and place mentioned in the information he did willfully and unlawfully, *etc.,* "have in his possession and under his control and did keep" in a certain room, in Butte, occupied by him, "gambling implements, to-wit, a faro lay-out," *etc.;* and he seeks a reversal of the judgment against him, principally because, as he contends, the evidence is insufficient.

Authorities on the question of power to seize gambling devices in absence of charge of violation of laws against gambling, see note in L. R. A. 1915A, 232.

The record discloses that on December 27, 1915, the appel-
[1] lant's room was visited by the police and others, who
therein seized certain gambling devices, including what some
of the witnesses call "a faro lay-out," besides $192.50 in silver
wrapped up in a "crap cloth." The devices so found consti-
tuted, according to at least one of the witnesses, all the para-
phernalia used to conduct the game of faro, except the "dealer's
box." The contention is that the term "faro lay-out," as used
in section 8417, means the complete outfit requisite to conduct
the game of faro, and, as the game cannot be carried on with-
out the dealer's box, the failure to find that entitles the appel-
lant to his discharge. This is not correct. According to
standard authorities, there are for the game of faro two essen-
tials and various accessories; the essentials are the "dealer's
box" and the "lay-out," the latter being a board commonly
covered with green cloth to which the entire spade suit is affixed
in a certain order. (3 Century Dictionary, 2144; Standard
Dictionary, 20th Century ed., 662; 10 Britannica, 11th ed., 186;
Foster's Complete Hoyle, p. 487.) That this was known to
and appreciated by the legislature in framing section 8417 is
clear from the fact that, omitting the colorless accessories, it
fixed upon the essentials and denounced as a crime the pos-
session of either the dealer's box or the lay-out—a meaningless
provision if the dealer's box were in legislative contemplation
a necessary part of the lay-out itself. The possession of the
"lay-out" as defined above was amply established; the case was
therefore properly submitted to the jury, who were authorized
to accept or reject the appellant's explanation of such posses-
sion. Their verdict cannot be disturbed.

Some minor errors of a procedural character are also as-
signed, but examination of them fails to disclose anything to
call for a reversal.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY
concur.